UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Judy Bondy, Personal Representative of the Galen B. Bondy Estate, | ) ) ) | Case No.  3:09-cv-55 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) ) | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| Hartford Life and Annuity Insurance Company, | ) ) | |
| Defendant. | ) ) | |

Plaintiff seeks a declaratory judgment reforming the designation of beneficiary on her deceased husband's two IRA contracts with defendant Hartford Life and Annuity Insurance Company ("Hartford") and has moved for summary judgment seeking that relief.  Defendant Hartford takes no position on the relief requested, although it asserts it did not do anything wrong or improper.  The parties have consented to proceed before the magistrate judge and have waived their right to proceed before a district judge.

### Undisputed Facts

Galen Bondy (Galen") died on November 23, 2008, and was survived by his wife, Judy, who serves as personal representative of his estate, and by five children.  Prior to 1985 Galen maintained IRA accounts with the Edward Jones brokerage firm, for which he had designated his wife as the successor beneficiary upon his death.  In 2005 Galen decided to transfer the funds to Hartford annuity accounts.  He first attempted to accomplish the transfer through a request of agent change, but the request was ineffective because the account was held by Edward Jones as

custodian.  Galen then completed an ownership change request form to change from custodial Edward Jones accounts to individually (self-directed) owned accounts with Hartford. The ownership change form included the following language:

> Custodial Owned Contracts – Please review the following and check the box, if applicable, when the ownership is being changed from custodially owned to individually (self-directed) owned:
>
> ❑   By checking this box you acknowledge that this is an ownership change from a Custodian for a Qualified contract to an individual owner (self-directed) and that you direct Hartford Life to change the beneficiary to the estate of the new owner unless otherwise instructed.

Galen checked the box.  He did not provide other instructions to Hartford regarding the beneficiary designation.

When Galen subsequently made Required Minimum Distribution Requests to Hartford he checked a box on the form under the section entitled "Method for calculating the Required Minimum Distribution," stating:

> ❑   I have named my spouse as my sole beneficiary or I have a qualified trust named as beneficiary with my spouse named as sole beneficiary under the trust . . .

He did not select the other option, which stated:

> ❑   I have **not** named my spouse as my sole beneficiary

Upon Galen's death his wife learned that when he transferred the accounts from Edward Jones to Hartford, the way he completed the forms changed the beneficiary designation from his spouse to his estate.  Judy Bondy thought she was the beneficiary and intended to roll over the funds in the accounts to her own IRA.  She has testified by affidavit that Galen "intended to simply change brokerage firms by the transfer from Edward Jones to Hartford, and not to change beneficiaries."  Supp. Aff't of Judy Bondy, Doc. # 24.

2

## **Reformation of Contract Law and Application**

"Reformation is an equitable remedy used to rewrite a contract to accurately reflect the parties' intended agreement." Spitzer v. Bartelson, 773 N.W.2d 798, 805 (N.D. 2009).  North Dakota law provides for reformation by statute in cases of fraud, mutual mistake, or mistake by one party of which the other party at the time knew or suspected.  N.D.C.C. § 32-04-17.   The "party who seeks reformation has the burden to prove by clear and convincing evidence that a written agreement does not state the agreement the partes intended." Spitzer, 773 N.W.2d at 805, quoting Heart River Partners v. Goetzfried, 703 N.W.2d 330, 337 (N.D. 2005).  While construction of a written contract is generally a question of law, Heart River Partners, 703 N.W.2d at 336, the existence of a mistake supporting a claim for reformation is a question of fact.  Spitzer, 773 N.W.2d at 805.  In an action to reform a written instrument the court "can properly look into the surrounding circumstances and take into consideration *all* of the facts which disclose the intention of the parties." Spitzer, 773 N.W.2d at 803, quoting Ell v. Ell, 295 N.W.2d 143, 150 (N.D. 1980).

In this case the parties assumed the beneficiary designation accurately reflected Galen Bondy's intent.  Although Galen checked the box on the Ownership Change Request Form directing Hartford to change the successor beneficiary to his estate as well as to change ownership of the accounts, the evidence shows he did not intend to change the beneficiary, but rather, intended that his spouse would continue to be the beneficiary in the event of his death.  He intended to change only the brokerage firm holding his IRA accounts. The court has the affidavit testimony of his wife, as well as the more neutral and persuasive evidence of Galen's subsequent indication on Required Minimum Distribution Request forms that he believed his

wife Judy still was the beneficiary.  It is clear that he did not realize checking the box on the Ownership Change Request Form effectuated not only an ownership change, but also a beneficiary change to his estate unless he signed another writing instructing Hartford to the contrary.  No conflicting evidence appears in the record.  Therefore, there are no material issues of fact in dispute, and summary judgment is appropriate.  Under these circumstances, the court finds plaintiff has proven by clear and convincing evidence that the Ownership Change Request Form does not reflect Galen's intent regarding designation of the successor beneficiary and thus does not state the agreement the parties intended.  In making this finding the court does not find any wrongdoing or impropriety on the part of Hartford.  Plaintiff has established a basis for reformation of the parties' agreement to reflect that the beneficiary of the Hartford accounts upon Galen Bondy's death is his surviving spouse, Judy Bondy.

Plaintiff has withdrawn her request for an award of costs and attorney's fees, so the court awards no costs or attorney's fees to plaintiff as the prevailing party.

**IT IS ORDERED** that plaintiff's motion for summary judgment (Doc. # 9) is **GRANTED**.  Plaintiff is entitled to judgment reforming the agreement between Galen Bondy and Hartford Life and Annuity Insurance Company to provide that the successor beneficiary of Galen Bondy's two Individual Retirement Accounts upon his death is his surviving spouse, and directing that Hartford Life and Annuity Insurance Company distribute the funds in the two accounts in the manner directed by Galen Bondy's surviving spouse, Judy Bondy.  Judgment will be entered accordingly.

**IT IS FURTHER ORDERED** that plaintiff's complaint is deemed amended to conform to the evidence and to the claims asserted in the supplement to plaintiff's motion for summary judgment.

Dated this 25th day of March, 2010.

/S/    *Karen K. Klein*                          
Karen K. Klein
United States Magistrate Judge